*Edwards, Lewis & Cockrill,* for appellee.

---

SIDNEY LYNCH ET AL *v.* ANDREW SHEPHERD ET AL. ...

Answer—Petition—Pleading—Attachment.
After issue made and trial begun upon the merits of a case, it is too late for an objection to the petition or attachment for want of verification.

APPEAL FROM ESTILL CIRCUIT COURT.

January 10, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The written memorial of the contract having been lost the parol evidence as to its provisions are somewhat contradictory; still it preponderates to establish that appellants were to deliver the hundred and odd of sawlogs at the mouth of Stanton's Camp Creek on the first sufficient tide to get over the two mill dams below where the logs then were.

This contract was made in the spring of 1856, during the winter of 1856-7 some ninety-two of the logs were floated over

singly to be rafted below the dam and above the mouth of the creek, and were there imperfectly rafted, but not in so complete and perfect a manner as provided for in the contract.

So if really tendered, about which there is also some contrariety of evidence the tender would not have been good. The appellees refused to take the logs unless the sap of the logs which was then in a decaying state should be left out of the measurement, which appellant's agent positively refused. Appellants had removed from Kentucky to Missouri after the contract was entered into and before the attachment was sued out, taking with them nearly or quite all their available property. They had received one hundred dollars advance on these logs, and though there is some contrariety of evidence as to the sufficiency of tides in the creek, yet perhaps the preponderance is in favor of there being sufficient, during the winter of 1856-7, and before the bringing of this suit.

The preponderance of the testimony is in favor of nine to ten cents per inch diameter as being the value of the logs at the mouth of the creek when these should have been then delivered, whilst seven cents was the contract price. therefore. it justified the judgment for the hundred dollars advance with interest thereon and for the fifty dollar damages.

There is no affidavit to the petition or any of the answers in the record, these have either been left out by the clerk or by common consent of both parties; the pleadings were made up without them, however this may be, the petition avers the removal and non-residency of appellants as a cause of attachment and the evidence establishes it.

The appellants answered without objecting to either the petition or attachment for want of verification and having made issue and gone to trial upon the merits it is now too late to object.

Judge Quinn's character was attempted to be impeached, yet this seems to have been more political than otherwise, besides being sustained by numerous witnesses, it appears he had been often elected to office in Estill county and had never been defeated when a candidate, either for sheriff, clerk, county judge or county attorney; to suppose the people of the county would repeatedly elect a man to office whose moral character was such as to authorize a disbelief of his evidence it is to suppose a more public demoralization than this court is disposed to entertain towards the

people of any county in the State, and had the facts detailed by him been sufficient in law to defeat this action, we should not have hesitated to give credence to them.

Judgment is affirmed.

*Turner*, for appellant.

*Barnes*, for appellee.